DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**ENDRINA MARIA MONTILVA DAVILA** and **RAFAEL MOLINA,**
Appellees.

No. 4D2025-0848

[July 22, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. 062022CA000514AXXXCE.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Paul B. Feltman of Alvarez, Feltman, Da Silva & Costa, PL, Miami, for appellees.

PER CURIAM.

Universal Property & Casualty Insurance Company appeals a final judgment awarding $139,560.58 to homeowners, Endrina Maria Montilva Davila and Rafael Molina. After the homeowners filed a lawsuit against Universal, Universal moved to dismiss pursuant to section 627.70152, Florida Statutes (2021). Universal argued the homeowners failed to provide the Department of Financial Services with written notice at least ten business days before filing the lawsuit as required by section 627.70152.

That statute, amended on July 1, 2021, mandates that a trial court dismiss, without prejudice, any lawsuit relating to a claim for which notice of intent to litigate was not given. In *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089, 1091 (Fla. 4th DCA 2023), we held that the amendments effective on July 1, 2021 applied to policies in existence on that date. The homeowners argue *Cole* does not apply because the policy at issue expired one month prior to the statute's effective date. We previously rejected this argument. *See Universal Prop. & Cas. Ins. Co. v.*

*Griffin*, 51 Fla. L. Weekly D352 (Fla. 4th DCA Feb. 25, 2026). We are bound to follow *Cole* and *Griffin*, and reverse the circuit court's final judgment. On remand, the circuit court shall dismiss the case without prejudice.

*Reversed.*

KUNTZ, C.J., SHEPHERD and LOTT, JJ., concur.

\*      \*      \*

**Not final until disposition of timely-filed motion for rehearing.**